# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAFAYETTE DIVISION

| | |
|---|---|
| DOLORES S. WILLIS, ET AL. | CIVIL ACTION NO. 16-639 |
| VERSUS | UNASSIGNED DISTRICT JUDGE |
| COST PLUS, INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

## MEMORANDUM RULING

Before the Court in this personal injury suit brought pursuant to the Louisiana Merchant Liability Statute, La. R.S. 9:2800.6, is a Motion for Partial Summary Judgment brought by Defendant Cost Plus, Inc. Record Document 19. Pursuant to its motion, Defendant seeks dismissal of Plaintiff's claims of negligent spoliation of evidence and intentional spoliation of evidence. Id. For the reasons that follow, the motion is **GRANTED**.

## I.     Factual and Procedural Background

Dolores Willis brings this suit for personal injuries allegedly incurred on March 5, 2016, while shopping at the Cost Plus World Market Store in Lafayette, Louisiana. According to Plaintiff, while she was shopping, "a merchandise display consisting of several room dividers suddenly fell in a domino effect, ultimately striking [Plaintiff], causing her to fall violently onto the concrete floor. . . ." Record Document 25 at ¶ 1. Plaintiff alleges she "sustained severe and debilitating injuries, including a traumatic brain injury, as a result of her head striking the concrete floor at Cost Plus." Record Document 23 at 2.

The accident was investigated by Rachel Evans, General Manager of the Lafayette Cost Plus World Market store. Record Documents 25 at ¶ 2 and 19-2 at ¶ 3. On the day of the incident, Ms.

Evans filled out a "Customer Incident Form." Record Documents 23 at 3-4 and 23-2 at 11. The form

contains a section where either "Yes" or "No" is to be checked in response to the question, "Accident

recorded on CCTV?" Id. at 11. Ms. Evans checked the "Yes" box on the Customer Incident Form.

Id. On January 11, 2017, counsel for Plaintiff took the deposition of Defendant, wherein Ms. Evans

testified on behalf of the corporation pursuant to Fed. R. Civ. P. 30(b)(6). At the deposition, Ms.

Evans testified she incorrectly checked the "Yes" box on the Customer Incident Form. Record

Document 23-1 at 16-17. According to Ms. Evans' testimony, although she indicated on the

Customer Incident Form that the accident was captured on the store's surveillance cameras, she later

reviewed the video footage and realized the accident was not captured on video, "because there was

no closed circuit TV in that direction." Id. at 17; see also Id. at 16; Record Document 19-3 at 15, 23.

According to Ms. Evans, there are "no cameras that encompass the area where the incident

occurred." Id. at 24.

On May 10, 2016, Plaintiff filed suit with this Court.[1] In the Complaint, Plaintiff states as

follows:

15.

Immediately after the accident, defendant, Cost Plus, was notified of the
incident and a request was made to preserve the surveillance video which depicts the
accident. Defendant, Cost Plus, is under a continuing obligation to preserve all
evidence in the matter since it was put on notice of a potential claim. Failure on the
part of defendant, Cost Plus, to preserve said evidence constitutes an act of
spoliation.

Record Document 1 at ¶ 15.

---

[1] Jurisdiction exists over this matter pursuant to 28 U.S.C. § 1332(a)(1) (Diversity of Citizenship).

Shortly after the 30(b)(6) deposition of Defendant, Plaintiff filed a "First Amending and Supplemental Complaint," alleging in pertinent part as follows:

15(a)

Complainants are entitled to an adverse inference of spoliation based on the fact that the surveillance videos cannot be produced. See *Robertson v Frank's Super Value Foods, Inc.,* 08-592 (La. App. 5th Cir. 11309) 7 So.3d 669, 673, discussing Louisiana's recognition of "adverse presumption," which allows the jury to be instructed to presume that the destroyed evidence contained information detrimental to the party that destroyed the evidence.

. . . .

15(b)

Complainants further seek any and all other remedies available under Louisiana law pertaining to defendants' negligent and/or intentional destruction/deletion of the surveillance.

Record Document 11 at ¶¶ 6-7 (internal quotation marks omitted).[2] Defendant now seeks dismissal with prejudice of Plaintiff's claims of negligent and intentional spoliation. Record Document 19 at 2.

## II.     Standard of Review

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought." Fed. R. Civ. P. 56(a). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Id. "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." Quality Infusion Care, Inc. v. Health Care Service Corp., 628 F.3d 725, 728 (5th Cir. 2010).

---

[2]The First Amending and Supplemental Complaint additionally asserts a claim of loss of consortium on behalf of Plaintiff's spouse, Ralph Willis. Record Document 11 at 3-4.

As summarized by the Fifth Circuit:

> When seeking summary judgment, the movant bears the initial responsibility of demonstrating the absence of an issue of material fact with respect to those issues on which the movant bears the burden of proof at trial. However, where the nonmovant bears the burden of proof at trial, the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial.

Lindsey v. Sears Roebuck and Co., 16 F.3d 616, 618 (5th Cir.1994) (internal citations omitted). To satisfy this burden, the non-movant is "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] [its] claim." Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir. 1994) (citing Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir. 1992)). "The nonmovant can satisfy its burden by tendering depositions, affidavits, and other competent evidence to buttress its claim." Topalian at 1131. "Mere conclusory allegations are not competent summary judgment evidence, and they are therefore insufficient to defeat or support a motion for summary judgment." Id.; see also Little v. Liquid Air Corp., 37 F.3d 1060, 1075 (5th Cir. 1994) (summary judgment burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence") (internal citations and quotation marks omitted).

When reviewing evidence in connection with a motion for summary judgment, "the court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party as well as that evidence supporting the moving party that is uncontradicted and unimpeached." Roberts v. Cardinal Servs., 266 F.3d 368, 373 (5th Cir.2001); see also Feist v. Louisiana, Dept. of Justice, Office of the Atty. Gen., 730 F.3d 450, 452 (5th Cir. 2013) (court must view all facts and evidence in the light most

favorable to the non-moving party). "The evidence, including factual allegations set forth in verified complaints, is viewed 'in the light most favorable to the nonmoving party, but conclusional allegations and unsubstantiated assertions may not be relied on as evidence.'" Butts v. Martin, 877 F.3d 571, 581-82 (5th Cir. 2017) (quoting Carnaby v. City of Hous., 636 F.3d 183; 187 (5th Cir. 2011); and citing Hart v. Hairston, 343 F.3d 762, 765 (5th Cir. 2003)). "Credibility determinations are not part of the summary judgment analysis." Quorum Health Resources, L.L.C. v. Maverick County Hosp. Dist., 308 F.3d 451, 458 (5th Cir. 2002). Rule 56 "mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004) (alterations in original) (quoting Celotex v. Catrett, 477 U.S. 317, 322 (1986)).

III.    Law and Analysis

A.    Intentional Spoliation

Plaintiff asserts Defendant "**intentionally** destroyed the video surveillance camera footage of the accident," based upon the fact that Defendant's Customer Incident Form indicated the incident was captured on the store's surveillance video. Record Document 23 at 2. Defendant argues such video never existed, and therefore no spoliation occurred. Record Document 19-1 at 9.

"The Louisiana Supreme Court has yet to address whether . . . Louisiana law recognizes an independent tort for the intentional spoliation of evidence. . . ." Hodges v. Mosaic Fertilizer LLC, 289 Fed.Appx. 4, 7 (5th Cir. 2008). Because this Court's jurisdiction is based upon diversity of citizenship, it must apply Louisiana substantive law. Erie R. Co. v. Tompkins, 204 U.S. 64 (1938). When deciding an issue of state law, a federal court is "bound to apply the law as interpreted by the

state's highest court." Barfield v. Madison County, Miss., 212 F.3d 269, 271-72 (5th Cir. 2000). "If

the state's highest court has not spoken on the particular issue, 'it is the duty of the federal court to

determine as best it can, what the highest court of the state would decide.'" Id. at 272 (quoting

Transcontinental Gas v. Transportation Ins. Co., 953 F.2d 985, 988 (5th Cir. 1992)). Accordingly, the

Court must make an "Erie-guess" as to whether the Louisiana Supreme Court would recognize the

tort of intentional spoliation of evidence. Hodges v. Mack Trucks Inc., 474 F.3d 188, 199 (5th Cir.

2006). In making this determination, courts are to rely upon the following:

> (1) decisions of the [Louisiana] Supreme Court in analogous cases, (2) the rationales
> and analyses underlying [Louisiana] Supreme Court decisions on related issues, (3)
> dicta by the [Louisiana] Supreme Court, (4) lower state court decisions, (5) the
> general rule on the question, (6) the rulings of courts of other states to which
> [Louisiana] courts look when formulating substantive law and (7) other available
> sources, such as treatises and legal commentaries.

Gulf and Mississippi River Transp. Co., Ltd. v. BP Oil Pipeline Co., 730 F.3d 484, 488-89 (5th Cir.

2013) (alterations in original) (quoting Am. Int's Specialty Lines Co. v. Rentech Steel, L.L.C., 620

F.3d 558, 564 (5th Cir. 2010)).

In examining this issue, the United States Court of Appeals for the Fifth Circuit has

recognized the tort of intentional spoliation pursuant to Louisiana law. Burge v. St. Tammany Par.,

336 F.3d 363, 374 (5th Cir. 2003) ("The Louisiana tort of spoliation of evidence provides a cause of

action for an intentional destruction of evidence carried out for the purpose of depriving an opposing

party of its use.") (citing Pham v. Contico Int'l, Inc., 99-945 (La. App. 5 Cir. 3/22/00); 759 So.2d

880). Courts in this district have found that the Louisiana Supreme Court would recognize the tort

of intentional spoliation of evidence. See e.g. Union Pump Co. v. Centrifugal Technology, Inc., 2009

WL 3015076, *5 (W.D.La.); Bertrand v. Fisher, 2011 WL 6254091, *3 (W.D.La.). Likewise, courts

in the Middle and Eastern Districts of Louisiana have found that Louisiana law recognizes a cause of action for intentional spoliation of evidence. See e.g. BASF Corporation v. Man Diesel & Turbo North America, Inc., 2016 WL 5817159, *41 (M.D.La.); Catoire v. Caprock Telecommunications Corp., 2003 WL 21223258, *3 (E.D.La). All Louisiana state appellate courts recognize the tort of intentional spoliation of evidence. See e.g. Fiveash v. Pat O'Brien's Bar, Inc., 2015-1230 (La. App. 4 Cir. 9/14/16); 201 So.3d 912, 918 ; Sayre v. PNK (Lake Charles), LLC, 2015-859 (La. App. 3 Cir. 3/23/16); 188 So.3d 428, 444; Clavier v. Our Lady of the Lake Hosp. Inc., 2012-0560 (La. App. 1 Cir. 12/28/12); 112 So.3d 881, 885-86; Pham v. Contico Intern., Inc., 99-945 (La. App. 5 Cir. 3/22/00); 759 So.2d 880, 883-84; Aymond v. American Nat. Property and Cas. Co., 48,615 (La. App. 2 Cir. 11/20/13); 130 So.3d 10, 14. This Court likewise concludes the Louisiana Supreme Court would recognize a claim of spoliation based upon intentional conduct.

According to the jurisprudence of Louisiana's appellate courts, "[t]he theory of 'spoliation of evidence' refers to an intentional destruction of evidence for the purpose of depriving the opposing parties of its use." Tregre v. Champagne, 16-681 (La. App. 5 Cir. 7/30/17); 224 So.3d 1234, 1241; see also Tomlinson v. Landmark Am. Ins. Co., 2015-0276 (La. App. 4 Cir. 3/23/16), 192 So.3d 153, 160. Louisiana jurisprudence has outlined the parameters of a successful spoliation claim, to wit:

> [T]he party having control of the evidence must have had an obligation to preserve it at the time it was destroyed. This duty arises when the party has notice that the evidence is relevant to the litigation. Once the court concludes that a party was obliged to preserve the evidence, it must consider whether the party intentionally destroyed the evidence and the likely contents of the evidence. Thus, an essential element of a spoliation claim is the intent of the party alleged to be a spoliator. . . .

Tomlinson at 160 (internal citations omitted).

In this matter, Defendant argues Plaintiff's claim for intentional spoliation of evidence must

be dismissed, because "[t]here are no genuine issues of material fact that the accident involving

Dolores Willis was not captured and recorded on Cost Plus' in store video surveillance system."

Record Document 19-1 at 9. In support, Defendant has submitted evidence that the closest camera

to the area where the accident occurred was "camera 6, located in the restroom hallway." Record

Document 19-2 at ¶ 6 (citing Record Document 19-3 at 23-24); see also Record Document 19-4 at

5. Camera 6 did not capture or record the accident, as the accident occurred in an area which was not

covered by Defendant's video surveillance system.[3] Record Documents 19-2 at ¶ 6, 19-3 at 3-6, 15,

24, and 19-4 at 3-5. Accordingly, Defendant concludes:

> Although Rachel Evans completed the Cost Plus Customer Accident Report and
> checked "yes" on whether the accident was recorded by the CCTV system, Ms.
> Evans testified this was not correct. This was a mistake. Rachel Evans reviewed the
> camera footage after the accident and discovered the accident was not captured on
> the video surveillance equipment. Therefore, the evidence plaintiff alleges Cost Plus
> intentionally destroyed never existed in the first place.
>
> Furthermore, there is no evidence video of the accident was intentionally
> destroyed for the purpose of depriving the plaintiff of its use. If the video of the
> accident never existed, it could not be intentionally destroyed by Cost Plus, and
> therefore, could not serve as the basis for a valid spoliation of evidence claim.

Id. at 9-10 (footnotes omitted).

Defendant has properly supported its motion for partial summary judgment by submitting

evidence demonstrating the absence of an issue of material fact - namely, that Plaintiff's accident

was not captured on Defendant's surveillance video system. Therefore, the burden shifts to Plaintiff

to demonstrate "by competent summary judgment proof that there is an issue of material fact

---

[3]Defendant notes it "produced to the plaintiff the CCTV video surveillance recorded on the date of
the accident" during discovery. Record Document 19-2 at ¶ 7.

warranting trial." <u>Lindsey</u>, 16 F.3d at 618. This Plaintiff has failed to do. While Plaintiff speculates "the incident was captured on the video surveillance cameras," the only relevant *evidence* Plaintiff identifies supporting this assertion is the Customer Incident Form where Ms. Evans incorrectly checked the box indicating the incident was captured on the store's surveillance system. Similarly, Plaintiff speculates Defendant "intentionally caused the spoliation of the video evidence depicting Plaintiff's incident." Record Document 23 at 4. However, Plaintiff has failed to identify any evidence in the record supporting this assertion. The remainder of Plaintiff's opposition notes various alleged inadequacies of Ms. Evans' investigation of the incident[4], and appears to imply personnel in Defendant's corporate headquarters in California may have intentionally destroyed the video surveillance of Plaintiff's incident, based solely upon the fact that those personnel are able to remotely view the Lafayette store's surveillance video. Record Document 23 at 6-7. Plaintiff concludes:

> Cost Plus now takes the position that its own general manager made a **"mistake"** in stating that plaintiff's incident was captured on its video surveillance CCTV cameras. Cost Plus is requesting that this Court accept their own conclusory statement, which amounts to merely self-serving testimony, in the hopes it will benefit the defendant. *Credibility* is critical to the fact finder. In essence, Cost Plus is asking this Court to accept their version of events regarding the video surveillance issue, and summarily dismiss Plaintiffs' [sic] spoliation and adverse presumption claims. The evidence clearly shows that Cost Plus' highest ranking supervisor was not only on the premises, but also filled out the Customer Incident Report. Why would Rachel Evans check the "yes" box if plaintiff's incident was never recorded on CCTV surveillance footage?

---

[4]Specifically, Plaintiff notes Ms. Evans incorrectly testified Rebecca Belaire, a Cost Plus employee who witnessed the accident, provided a statement on the day of the incident, whereas Ms. Belaire did not actually provide her statement until ten days after the incident. Plaintiff additionally notes Ms. Evans did not follow Defendant's internal policies in that she did not take photographs of the incident scene, and she did not attach a "Claim Evidence Tag" to the room dividers involved in the accident. Record Document 23 at 6-8.

Record Document 23 at 8-9.

In sum, Plaintiff asks this Court to simply infer from the fact that a video showing the incident was not produced that Defendant must have been at fault for this non-production. The Court will not make such an inference. See e.g. Little, 37 F.3d at 1075 (Summary judgment burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.") There can be no destruction of or duty to preserve evidence which never existed. Defendant has submitted competent summary judgment proof showing Ms. Evans mistakenly checked the "yes" box on the Customer Incident Form, and has additionally submitted competent summary judgment proof showing the incident was not captured on video. As Plaintiff has failed to respond with evidence showing Defendant actually did have a camera showing the area where Plaintiff's incident occurred, or that Defendant actually did capture the incident on its surveillance video, Plaintiff has failed to carry her burden to defeat summary judgment on this claim. As such, the Court finds dismissal of Plaintiff's claim for intentional spoliation of evidence is warranted. See e.g. Bertrand v. Fischer, 2011 WL 6254091 (W.D.La.) (granting summary judgment on nearly identical facts); Hodges v. Mosaic Fertilizer LLC, 289 Fed.Appx. 4, 7 (5th Cir. 2008) (summary judgment dismissing spoliation claim was warranted where plaintiffs "cite[d] no evidence, other than their mere allegation," showing defendant intentionally destroyed evidence to deprive plaintiffs' of its use at trial).

B.    Negligent Spoliation

In Reynolds v. Bordelon, the Louisiana Supreme Court held "no cause of action exists for negligent spoliation." 2014-2362 (La. 6/30/15); 172 So.3d 589, 592. This is so "[r]egardless of any alleged source of the duty, whether general or specific," as public policy in the State of Louisiana

"precludes the existence of a duty to preserve evidence." Id. While Plaintiff appears to concede there can be no independent tort claim for negligent spoliation of evidence under Louisiana law, she argues Reynolds did not foreclose the possibility of imposition of an "adverse presumption against a party that had access to certain evidence, but did not make it available, or it was destroyed." Record Document 23 at 4.

In Reynolds, while the Louisiana Supreme Court found Louisiana law does not recognize the tort of negligent spoliation, it noted there still exist "[a]lternative avenues of recourse . . . within Louisiana's evidentiary, discovery, and contractual laws." Id. at 592. More specifically, the court stated:

> Discovery sanctions and criminal sanctions are available for first-party spoliators. Additionally, Louisiana recognizes the adverse presumption against litigants who had access to evidence and did not make it available or destroyed it. Regarding negligent spoliation by third parties, the plaintiff who anticipates litigation can enter into a contract to preserve the evidence and, in the event of a breach, avail himself of those contractual remedies. Court orders for preservation are also obtainable.

Id. at 600.

While Plaintiff is correct that the Reynolds court did not foreclose the possibility of sanctions for negligent spoliation of evidence, the sanctions addressed in that decision do not apply in this matter. "Federal courts apply state substantive law in diversity jurisdiction cases, but apply federal procedural law." DP Solutions, Inc. v. Rollings, Inc., 353 F.3d 421, 427 (5th Cir. 2003); see also Fed. R. Civ. P. 1. Likewise, federal courts "apply federal evidentiary rules rather than state spoliation laws in diversity suits." Condrey v. SunTrust Bank of Georgia, 431 F.3d 191, 203 (5th Cir.2005). "Evidentiary 'presumptions' which merely permit an adverse inference based on unproduced evidence are, likewise, controlled by federal law." King v. Ill. Cent. R.R., 337 F.3d 550, 556 (5th

Cir.2003). "An adverse inference based on the destruction of potential evidence is predicated on the 'bad conduct' of the defendant." Id. (quoting United States v. Wise, 221 F.3d 140, 156 (5th Cir.2000)). Therefore, in this matter, Plaintiff must show that Defendant acted in "bad faith" to establish she is entitled to an adverse inference.

Neither party has addressed this issue in accordance with federal law. Nevertheless, the Court finds Plaintiff has failed to show bad faith on the part of Defendant. "Bad faith, in the context of spoliation, generally means destruction for the purpose of hiding adverse evidence." Guzman v. Jones, 804 F.3d 707, 713 (5th Cir. 2015). In this matter, Plaintiff has made no showing that Defendant destroyed surveillance video of the incident for the purpose of hiding adverse evidence. Indeed, Plaintiff has not shown such evidence ever existed. Accordingly, Plaintiff has not shown she is entitled to an adverse presumption against Defendant in this matter. Nonetheless, Plaintiff may question Defendant at trial about the absence of any video surveillance, and she may question Defendant about any alleged failures to follow internal policies regarding customer incidents. See Fed. R. Evid. 607 ("Any party, including the party that called the witness, may attack the witness's credibility.") Further, Plaintiff may argue for whatever inference she deems should be drawn due to the absence of any items of potential evidence. See e.g. Bertrand v. Fischer, 2011 WL6254091, *4 (W.D.La.); Wright v. Nat'l Interstate Ins. Co., 2017 WL 4011206, *3 (E.D.La.). However, for the reasons set forth above, the Court finds imposition of the sanction of an adverse inference jury instruction in this matter is inappropriate.

**IV.    Conclusion**

For the reasons set forth above, Defendant's Motion for Partial Summary Judgment is hereby **GRANTED**, and Plaintiff's claims for intentional spoliation of evidence and negligent spoliation

of evidence are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** this __12__ day of March, 2018 in Shreveport, Louisiana.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE